### In the Court of Common Pleas of Snyder County.

## KRAMER *v*. KRAMER'S ADMINISTRATORS.

Plaintiff, who inherited certain real estate, in 1837, from her father, married before 1848, and in 1852, under the proviso of the 48th section of the act of 29th March, 1832, made a declaration authorizing her share of the real estate, which had been partitioned in 1851, to be paid to her husband without security ; the husband died in 1871, and plaintiff sued his estate to recover the amount paid him under said declaration. *Held,*

1. That the husband was not a trustee, and the payment of her share in partition was absolute.

2. The married woman's act (11 April, 1848) did not impair the vested interest of the husband, although partition did not take place until 1851.

3. Where the wife acquires the estate after the 11th April, 1848, the act of the 29th March, 1832, section 48, is inoperative.

Opinion of the court delivered by

JUNKIN, P. J. This plaintiff was a daughter of Abraham Blosser, who died in 1837, and she inherited from him certain real estate. In 1840, she married Benneville Kramer, and in 1851, her real estate was partitioned in orphans' court of Union county, or, rather, her father's real estate was so partitioned, and being accepted by one heir, she, in conformity with the practice in that county, received a bond for her interest of $2700. On 16 September, 1852, she made a declaration under the 48th section of the act of 29 March, 1832, authorizing her share to be paid to her husband without security, which declaration, &c.. was duly filed same day. The husband received $2,000 on the bond, and died in 1871 ; and she now sues her deceased husband's estate to recover the amount so received

by him, treating him as a trustee. This act has been in force forty years, and this is the first attempt to turn him into a trustee under said section, showing plainly that the profession have treated the payment of the wife's share in partition, when paid to him under the declaration, as absolute.

In Yohe *v.* Barnett, 1 Binney 365, it was held that the husband could take her share in partition as personalty. This was unsatisfactory to the profession, and hence the 48th section of act of 29th March, 1832, which required him to give security for the re-payment of the principal to the wife if she survived him, if not to her heirs; and if he was unable to give this, then a trustee was appointed. ''Provided always, That, if the wife, being of full age, on a separate examination, the husband not being present, should declare, &c., * * * that she does not require such moneys to be secured, * * * then and in such cases the husband shall not be required to secure the said moneys in manner aforesaid.''

It seems clear that it was intended by this section to allow the principle of Yohe *v.* Barnett to operate in all cases where the wife made the declaration. The act required the judge to explain to her ''the legal effect of the declaration,'' and for forty years they have discharged that duty by telling her that the effect was to carry from her forever all her interest. Walters' Estate, 2 Wharton 249, and Byer *v.* Resser, 5 W. & S. 501, seem to assume that such was the effect.

Then as these parties married before the married woman's law was passed (11th April, 1848), the husband's vested interest was not impaired by said act; and although partition did not take place until 1851, still the act of 1832 would remain in force to meet such cases. Burson's Appeal, 10 Harris 164; Stehman *v.* Huber, 9 *Ib.* 260; Boose's Appeal, 6 *Ib.* 392; Bachman *v.* Chrisman, 11 *Ib.* 162; Mann's Appeal, 14 Wright 381. In all cases where the wife acquires the estate after the 11th April, 1848, the act of the 29th March, 1832, 48th section, is inoperative.

It results from this view that the plaintiff cannot recover.